T.C. Summary Opinion 2007-140


UNITED STATES TAX COURT


BURNICE JEROME DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4876-06S.                    Filed August 13, 2007.


Burnice Jerome Davis, pro se.

<u>Marshall R. Jones</u>, for respondent.


VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,390 deficiency in petitioner's 2003 Federal income tax. After a concession,[2] the issues remaining for decision concerning 2003 are: (1) Whether petitioner is entitled to claim a dependency exemption for JJD[3] pursuant to section 151(c); (2) whether petitioner is entitled to claim a child tax credit for JJD pursuant to section 24(a); and (3) whether petitioner is entitled to head of household filing status pursuant to section 2(b).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Daleville, Alabama.

On April 13, 1996, petitioner married Kimberly Jean Davis (Ms. Davis). Petitioner and Ms. Davis had one child together, JJD. On April 30, 2001, petitioner and Ms. Davis divorced. Pursuant to their divorce, Ms. Davis received physical custody of JJD, petitioner received visitation rights, and petitioner was required to pay child support in the amount of $434 per month.

---

[2] Petitioner conceded that he was not entitled to claim a child tax credit for his child from a previous marriage.

[3] The Court will refer to the minor child by his initials.

JJD did not live with petitioner during 2003. The final judgment in the divorce proceeding ordered petitioner to pay 72 percent of all reasonable and necessary medical, dental, eye care, hospital, and other health care expenses incurred in the care and treatment of JJD.

Petitioner filed his Form 1040, U.S. Individual Income Tax Return for 2003 as a head of household and claimed a dependency exemption and a child tax credit for JJD. Ms. Davis did not sign a written declaration providing that she would not claim JJD as a dependent in 2003.

In the notice of deficiency, respondent determined that petitioner was not entitled to a dependency exemption for JJD on his 2003 tax return. Additionally, respondent determined that petitioner was not entitled to a child tax credit for JJD in 2003. Finally, respondent determined that petitioner is not entitled to file as head of household.

## Discussion

### I. Dependency

Generally, a taxpayer is allowed a dependency deduction for a son or daughter if that child meets the statutory definition of dependent. Sec. 151(c)(1), (3). The term "dependent" is defined as an individual who receives over half of his support from a taxpayer. Sec. 152(a).

Section 152(e) provides the support test for a child of divorced parents. Under that provision, if:

>   (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
>
>>   (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
>>
>>   (ii) who are separated under a written separation agreement, or
>>
>>   (iii) who live apart at all times during the last 6 months of the calendar year, and
>
>   (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
>
> such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent"). [Sec. 152(e)(1).]

Section 152(e), however, also provides that the "noncustodial parent" is treated as providing over half of a child's support if: (1) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) there is a multiple support agreement between the parties as provided in section 152; or (3) there is a qualified pre-1985 instrument. Sec. 152(e)(2), (3), and (4); Paulson v. Commissioner, T.C. Memo. 1996-560. Section 152(e)(3) and (4) does not apply in this case.

A noncustodial parent may claim the exemption for a child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). The declaration required pursuant to section 152(e)(2) must be made either on a completed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332. Miller v. Commissioner, supra at 189.

Petitioner testified that he provided more than 50 percent of JJD's support for 2003. Accordingly, petitioner believes that he is entitled to claim JJD as a dependent for the taxable year 2003. Petitioner testified that he has given Forms 8332 to Ms. Davis on several occasions, but she has never signed or returned any of the Forms 8332.

Ms. Davis had custody of JJD during 2003. Ms. Davis did not sign a Form 8332 or any other statement conforming to the substance of Form 8332 for 2003. Petitioner did not attach a Form 8332 or any similar written statement to his 2003 return.

Accordingly, petitioner is not entitled to a dependency deduction for JJD for 2003.

## II.  Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).

We concluded that petitioner is not entitled to a dependency deduction pursuant to section 151 for JJD for 2003. Consequently, JJD is not a "qualifying child" pursuant to section 24(c).  Accordingly, petitioner is not entitled to a child tax credit under section 24(a) with respect to JJD for 2003.

## III.  Head of Household

Section 2(b) defines "head of household" as an individual taxpayer who is:  (1) Unmarried at the close of the taxable year; and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of an unmarried son or daughter of the taxpayer.  Sec. 2(b)(1)(A)(i).

Petitioner did not maintain a household that was the principal place of abode for JJD for more than one-half of the taxable year.  Petitioner did not assert that any other qualifying children lived with him for more than one-half of the

taxable year.  Accordingly, petitioner is not entitled to head of household filing status.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.